Dear Mayor Louviere:
Reference is made to your request for an opinion of this office regarding certain payments to the Municipal Employees' Retirement System of Louisiana (the "Municipal System") by the Town of Sunset on behalf of the Town's elected officials. You advise that until December of 2002, the Town of Sunset had a practice of paying, on behalf of its elected officials, not only the employer's retirement contribution to the Municipal System, but the employee's contribution as well.
Pertinently, your letter states:
 "Several of the elected officials are now retired and collecting a pension. At least one withdrew retirement monies at the end of 2002, when she was not re-elected. Currently two aldermen, who are still on the Board, also participated in the retirement system utilizing the foregoing procedure
 Further, it has been said that the Town passed either a resolution or an ordinance authorizing the Town to pay both portions of the retirements. However, after diligent research I can not find either, nor have I found any other item in the Town's Minutes which would even imply that such a procedure was allowed "
Specifically, you seek our advice as to what course of action should be taken by the Town with respect to these matters, particularly, with respect to a demand for repayment of any monies improperly paid on behalf of these officials by the Town of Sunset.
Please be advised that this office is not a finder of fact, and it would be beyond our purview to evaluate the Town of Sunset's claim(s) or potential claim(s) for recovery of funds paid by the Town to the Municipal System on behalf of its elected officials. In this regard, we must advise that the Town of Sunset should seek the advice of the Town's attorney with respect to these matters.
Respectfully, in spite of your advice that you have examined certain records of the Town, it is the advice of this office that the Town of Sunset consider conducting an internal investigation, with the assistance of the Town's counsel, in order to properly establish whether or not the retirement contributions made on behalf of the Town's elected officials were indeed improper. If it is determined that the contributions were improperly or illegally made, the Town, with counsel's advice, should also consider the viability of any claims it may have, the cost of pursuing such claims, the prescriptive period which may be applicable to such claims, as well as the likelihood and amount of any potential recovery, in order to determine if it would be in the Town's best interest to pursue potential claims for repayment.
In consulting with counsel, the Town may wish to consider the provisions of state law applicable to the Municipal System regarding employee's contributions toward their retirement. We note for your attention that LSA-R.S. 11:62, in compliance with La. Const. Art. X, Sec. 29(E)(3) provides that the employee contribution to the Municipal System is set in the amount of 9.25% for employees participating in Plan A and 5% for employees participating in Plan B. See also: LSA-R.S. 11:1786 and 1806. Employer contributions are provided for at LSA-R.S. 11:101, et seq. In spite of these provisions of law, we also note for your attention LSA-R.S. 11:1865, 1866, 1867 and 1868, which provide certain municipalities with specific authority to pay from municipal funds the employee contributions which would otherwise be deducted from employee earnings.
Our research revealed no legislation specifically authorizing the Town of Sunset to pay employee retirement contributions on behalf of its elected officials; however, our research did not reveal any legislation which would specifically prohibit a municipality from providing compensation to its elected officials in the form of payments of the employee's portion of their retirement contributions, in lieu of or in addition to cash compensation. Although such an arrangement would be unusual, it would not necessarily be illegal. If it is determined that the retirement contributions were properly paid as additional compensation to the Town's elected officials, consideration should be given as to whether or not the payments must be reinstated on behalf of officials who remain in office, in light of La. Const. Art. VI, Sec. 12, which provides that the compensation of a local official shall not be reduced during the term for which he is elected.
If it is determined that the payments were not properly made as compensation, consideration should be given to the provisions of La. Const. Art. VII, Sec. 14(A), which prohibit the "funds credit, property, or things of value" of the state and its political subdivisions from being "loaned, pledged or donated to or for any person". We also call your attention to LSA-R.S 42:1461(A), which requires all public officials to administer public funds and property entrusted to them for public purposes and as a fiduciary. Attorney General's Opinion Nos. 03-0393 and 90-504. LSA-R.S.42:1461 imposes a personal obligation upon public officials and employees and prohibits them from misappropriating, misapplying, converting, or misusing any funds or property under the custody of the public entity in the office or employment is held. The breach of this obligation gives rise to an action in favor of the public entity for the recovery of such funds or property, and for damages resulting from the breach.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of service to you or the Town of Sunset in the future.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam